JOHN MANN v. ANN ROGERS, ADMINISTRATRIX OF THE ESTATE OF JOHN ROGERS, DECEASED, et als.

JUDGMENT IN EJECTMENT—OF WHAT CONCLUSIVE.—A judgment for plaintiff in ejectment is not conclusive except as against defenses actually made, or legal defenses that might have been made on the trial, and does not preclude a defendant from asserting a title subsequently acquired.

IDEM—OF RESTITUTION UNDER.—Where a plaintiff has been restored, under a writ of restitution, to the possession of the demanded premises in an action of ejectment, the defendant so evicted is ever after estopped at law to deny that plaintiff was rightfully restored, and that his own prior possession was wrongful.

HOMESTEAD—WHAT ESSENTIAL TO.—The rule, as declared in *Gregg* v. *Bostwick*, 33 Cal. 220, is affirmed.

IDEM.—A homestead right in lands cannot be acquired by one who, at the time of declaring the same, is out of possession, and has never since had the possession; nor can such right be created and asserted by a wrongful possessor as against one who at the time of such creation was lawfully entitled to the possession.

APPEAL from the District Court, Seventh Judicial District, Sonoma County.

The facts are stated in the opinion of the Court.

*A. W. Thompson*, for Appellant.

*A. Thomas*, for Respondents.

By the Court, CROCKETT, J.:

The facts of this case, as disclosed by the record, are that in April, 1863, the plaintiff resided with his family on a tract of land in Sonoma County, but how he obtained the possession does not appear; that in that month, whilst so residing on the land, he filed his declaration of homestead in due form, which was properly recorded; that in July, 1864, the defendant John Rogers instituted an action of ejectment against the plaintiff to recover the possession of the land which is the subject matter of this action, and which is a portion but not the whole of the tract included in the plaintiff's declaration of homestead; that in February, 1865, said Rogers recovered a judgment in said action for the possession of the land sued for, on the ground of prior possession; that a writ of restitution was duly issued on the judgment, and in March, 1865, Rogers was placed in possession, and the plaintiff was evicted under the writ from the land now in contest, but remained in possession of and has ever since continued to reside upon the remainder of the tract included in his homestead claim; that Rogers subsequently died, and his widow was appointed administratrix of his estate; that an execution for costs was duly issued on said judgment, and was levied on the plaintiff's title to said land subsequent to the 13th day of October, 1865, under which the plaintiff's title was sold to Mrs. Rogers as administratrix, and no redemption having been made, she obtained the Sheriff's deed therefor. It further appears that the land is a portion

of a larger tract granted by the Mexican Government to M. G. Vallejo, which grant has been finally confirmed, but there has been no final survey or patent under the decree of confirmation; that on the 13th of October, 1865, the plaintiff by proper mesne conveyances acquired Vallejo's title to the land in contest.

This is an action by the plaintiff in the usual form against the widow of Rogers and her tenant, to recover the possession of the land. The answer, besides a general denial of the allegations of the complaint, sets up in bar the recovery against the plaintiff in the former action of ejectment, and the title acquired by the defendant under the Sheriff's deed.

The cause was tried before the Court, and the findings embody substantially the foregoing facts, on which a judgment was entered for the defendants, and the plaintiff has appealed.

The defendants insist that the former recovery in ejectment is a bar to this action. But this proposition is not maintainable. The title to the land, when that action was pending, was in Vallejo, or his grantee Steinbach, and not in the plaintiff. The judgment in ejectment precluded the plaintiff in this action from asserting in another action any legal title which he held or could have made available on the trial of the former action, but does not debar him from asserting a subsequently acquired title, which was not in issue and could not have been put in issue in that action. The plaintiff having acquired the title of Vallejo, after the former action was decided, is not precluded from asserting it in this action. A judgment in ejectment is not conclusive, except as against defenses actually made, or legal defenses which might have been made on the trial, but do not preclude a defendant from asserting a title subsequently acquired. This is well settled in this Court.

If this had been the only point in the case, the plaintiff would have been entitled to judgment. But it appears that after he acquired the title of Vallejo, the execution for costs was levied on his interest in the land, which was sold and

conveyed by the Sheriff, by a proper deed, to the defendant Rogers. If this sale and conveyance were valid and operative, the plaintiff has no title, and the defendants were entitled to judgment.

To avoid the effect of the sale and conveyance by the Sheriff, the plaintiff's counsel insists that the sale was void, on the ground that the land was included in the homestead claim of the plaintiff, and was therefore not liable to forced sale. But this position is not tenable. In the case of *Gregg* v. *Bostwick*, 33 Cal. 220, we held that something more is necessary than to file a declaration of homestead in proper form describing the land, and residing with the family on some part of it; that there must be some use, dedication and appropriation of the land as a home, to constitute a valid homestead claim; and if only a part of the land described in the homestead declaration be actually used and appropriated as the home of the family, the remainder, not so used and appropriated, forms no part of the homestead claim, in the sense of the statute.

There is room for grave doubt upon the findings and proofs in this case whether the land in contest was at any time so used and appropriated by the plaintiff as to come within the provisions of the Homestead Act, as expounded in *Gregg* v. *Bostwick;* and our impressions are adverse to the validity of the homestead claim on this ground—though we express no decided opinion on the point.

But there is another objection, which is obviously fatal to the plaintiff's proposition. When the plaintiff was evicted from the land, he had no title whatsoever, and Rogers was entitled to the possession, and obtained the possession by means of a judgment in ejectment against the plaintiff. The plaintiff is estopped by the judgment to deny that Rogers was rightfully restored to the possession, and that his own prior possession was wrongful. Nor was the plaintiff at any time after the judgment in a position to question the rightfulness of the possession of Rogers, up to the 13th of October, 1865, when the plaintiff acquired the title of Vallejo.

His homestead claim was a nullity as against Rogers up to that time, and from that time to the present the plaintiff has not had the possession of any part of the land in contest, which has remained and yet is in the actual adverse possession of Rogers and his widow. The 13th of October, 1865, was the earliest period at which the plaintiff was in a position to assert any title to the land adverse to Rogers, and since then he has never had the possession, without which there can be no valid homestead claim. His possession prior to his eviction was wrongful, and is of no avail for any purpose as against Rogers; and the plaintiff, since that time, has never resided on the land in contest or had the possession of any part thereof. It follows that he has not now, and never had, a valid homestead claim as against the defendants.

Judgment affirmed.