[Civ. No. 1712.   Third Appellate District.—October 25, 1917.]

## MINNIE McCLELLAN, Appellant, v. JOHN T. LEWIS, Respondent.

JUDGMENT—ACTION TO MODIFY AND FOR DAMAGES—SUFFICIENCY OF EVIDENCE.—In this action to modify a judgment and for damages based on allegations that the court was imposed on by an attorney and induced to sign findings and a judgment which were not in accord with the decision announced at the close of the trial, it is held that the findings against the alleged fraud are sustained by the evidence.

DECISION—WRITTEN FINDINGS.—The written findings and not the views of the court expressed orally at the close of a trial constitute the decision of the court.

APPEAL from a judgment of the Superior Court of San Joaquin County. D. M. Young, Judge.

The facts are stated in the opinion of the court.

A. H. Carpenter, for Appellant.

Max Grimm, and John R. Cronin, for Respondent.

CHIPMAN, P. J.—This action grew out of the action entitled Minnie McClellan and F. E. McClellan, Her Husband, Plaintiffs and Appellants, v. John T. Lewis, Defendant and Respondent, Civil No. 1713, ante, p. 64, [169 Pac. 436], in which the opinion of this court was filed October 22, 1917. That action was brought by plaintiffs therein to quiet title to a certain lot situated in the city of Stockton. It will appear from the opinion in that action that the defendant relied upon a contract of sale executed by the said F. E. McClellan to the said Lewis as trustee of the Stockton Grove No. 118, United Ancient Order of Druids; that on April 1, 1913, the defendant Lewis, on behalf of said Grove, brought an action, No. 10,741, in the superior court of the county of San Joaquin against the plaintiff herein and her said husband for the conveyance of said property, sufficiently alleging facts to justify specific performance; that both of said defendants in that action answered, but neither of them made a denial that the property in controversy was community property; that thereafter said case came on for trial on May 29, 1913, both defendants being represented by counsel and at the conclusion of the trial, the court announced its judgment in favor of the plaintiff and directed findings to be prepared. That findings were prepared by both parties and presented to the judge of the court; that the findings prepared by plaintiff in the action were adopted by the judge on the twenty-eighth day of June, 1913, and judgment was duly signed and filed on that date and was docketed on July 13, 1913; that by said judgment it was adjudged that the real property in question was the community property of the said Frank E. and Minnie McClellan; that the contract of sale was entered into as set out

in the complaint in said action; that the purchase price agreed upon was a fair and adequate consideration and that the contract was just and reasonable, and that the said judgment is conclusive and binding in the said action, Civil No. 1713, *ante,* p. 64, [169 Pac. 436], in which opinion was filed October 22, 1917.

The foregoing and some other facts in the said action No. 10,741 are set forth in the plaintiff's amended complaint in the present action, but it is alleged that at the close of the trial of said action last referred to the court announced from the bench "that Minnie McClellan did not sign the agreement that plaintiff seeks to have specifically enforced, and the judgment of the court can only be that Mr. McClellan execute the deed; that there is nothing upon which the court could direct Minnie McClellan to execute a deed; that the court is satisfied that Minnie McClellan is not in this case; she is entitled to judgment for any costs she has; and the attorney for plaintiff (Max Grimm) will prepare without delay the findings and decree in accordance with these instructions." It is then alleged that the attorney for plaintiff, the said Max Grimm, "willfully neglected and refused to prepare or present said findings and decree to the court for a period of about thirty days, and until he knew that the attorney for Minnie McClellan had left the state for a three months' absence; and that then, in the absence of said attorney, and on the twenty-eighth day of June, 1913, and for the purpose of taking advantage of the said Minnie McClellan in the absence of her attorney, and of deceiving and imposing upon the judge who tried said case, and of thereby injuring and defrauding the plaintiff herein, as one of the defendants in said case, and of depriving her of all her right and title to said real property, presented to the judge who tried said case in the said superior court the findings and decree as drawn by him and as they now appear in said case, and which contain, among other things, the following findings, to wit: That the said defendant, Minnie McClellan, did not sign or execute the said agreement with Stockton Grove No. 118, U. A. O. D.; that the said Minnie McClellan has no title to the aforesaid described real property, and her claim and interest therein is subject to and inferior to the rights and title thereto of the plaintiff, Lewis, and that all the material allegations of the answer of the said Minnie McClellan are not true and are not sustained by the evidence." It is

further alleged that it was adjudged in said action "that said Minnie McClellan has not now, and never has had, any right, claim, title, or interest in or to said real property, except as the wife of the defendant, F. E. McClellan; and that the said Minnie McClellan be and she is hereby restrained and enjoined from hereafter asserting any right, claim, or interest of, in, or to the property described in plaintiff's complaint herein." It is then alleged that the said Max Grimm, as attorney for the plaintiff in said case, "willfully, unlawfully, fraudulently, and in violation of said express instructions of the court, and for the purpose aforesaid, omitted and left out from both the said findings and decree in said case the following portions of said decision as announced by the court at the close of said trial, namely, that there is nothing upon which the court could direct that Minnie McClellan execute a deed; that the court is satisfied that Minnie McClellan is not in this case, and that she is entitled to judgment for any costs she has; and that each and all the aforesaid additions, interpolations, and omissions were wrongfully, unlawfully, fraudulently, and in violation of the express instructions of said court, added to, inserted in, or omitted from said findings and decree, as hereinbefore averred, for the express purpose of enabling the said Lewis, as the plaintiff in said case, to fraudulently secure said real property from the plaintiff herein, and thereby cheat and defraud her of her homestead right without due process of law; and that the said Max Grimm, then and there on said twenty-eighth day of June, 1913, falsely represented to the said judge that said findings and decree, with all the aforesaid wrongful interpolations, additions, and omissions were drawn in all respects as directed by the court at the close of the trial as aforesaid; and that the judge relying upon said false statements and without noticing the aforesaid irregularities, signed both said findings and decree, and thereafter on the said twenty-eighth day of June, 1913, the same were filed with the clerk of said court and duly entered and docketed in said court and cause, as provided by law." It is further alleged that the said Max Grimm, by his conduct in said matter, "imposed upon and deceived the judge and caused him to sign said findings and decree through mistake of their contents; and that said findings and decree as signed were wrong, erroneous, absurd, inconsistent, not in

accordance with said court's express instructions, entirely
without the issues raised by the pleadings, and extremely
prejudicial to the plaintiff herein, as she was deprived of
her costs in said case and was forever enjoined from assert-
ing title to her real property in violation of the express in-
structions of the court as hereinbefore pointed out.'' It is
further alleged in the amended complaint that after the said
superior court had announced its decision from the bench, ''it
had no right, authority, or jurisdiction to adjudge or decree
in said findings in said case that Minnie McClellan has or
had no right or title to the aforesaid real property, or that
her claim and interest therein is or was subject to, or in-
ferior to, the rights and title thereto of the said Lewis, or
that the material allegations of the said Minnie McClellan's
answer are not, or were not, true or sustained by the evi-
dence, or to adjudge or decree in the judgment in said case
that the said Minnie McClellan has not now, or never has
had, any right, title, or interest in or to said described real
property, except as the wife of said F. E. McClellan, or to
enjoin or restrain the said Minnie McClellan from thereafter,
or at all, asserting any right, claim, title, or interest in or
to the aforesaid real property or any part thereof, and that
all such adjudications and findings were nugatory, void, and
without the issues raised by the pleadings in said case.''

It is further alleged that the plaintiff herein, through her
attorney, heard the said original decision of the court as
made at the close of the trial and believed that the findings
and decree therein would be made and entered in accordance
with said decision, ''and that by reason thereof the plaintiff
herein, as one of the defendants in said case, allowed her
time to appeal from said judgment in said case to expire
without taking such appeal or preparing the record for the
same by bill of exceptions or otherwise; and that after such
right of appeal had lapsed, she discovered the aforesaid
fraudulent and deceitful acts whereby said decision was pro-
cured and entered, and that the same was so rendered and
entered without the knowledge or consent of the plaintiff
herein, and not by reason of any negligence on her part.''
It is further alleged that the plaintiff herein, on June 30,
1913, while actually residing on the property with her hus-
band, duly made, executed, and acknowledged a declaration
of homestead upon the land and premises, and on said date

recorded the same in the office of the county recorder of said county, and plaintiff alleges that since said last-named date the said "real property and premises have been, and now are, the duly selected and declared homestead of the plaintiff herein, and that this action concerns and relates thereto."

It is further alleged that since the rendition of said judgment as aforesaid, "the said defendant and his attorney have repeatedly disturbed, annoyed, and threatened to eject and remove plaintiff, who is and at all times herein named and referred to has been an invalid, from said premises which she claims and occupied as a homestead, and have taken execution out of said superior court in said case; . . . whereby the sheriff of said county was thereby falsely and· fraudulently authorized and empowered to remove and eject plaintiff from her said homestead; and that in pursuance thereof the said sheriff, under the instructions of said defendant and his said attorney, has been upon said premises, attempted to eject, and threatened to eject and remove plaintiff from her bed and her said homestead, and forcibly take possession of the same for the said defendant, and has repeatedly harassed and annoyed plaintiff with notices and demands for such possession and threats of ejectment, whereby plaintiff has been and is damaged by the rendition and entry of said false, fictitious, and fraudulent judgment and the said proceedings had and taken thereunder in the sum of five thousand dollars."

The prayer of the complaint is for judgment in the sum of five thousand dollars and her costs of suit; that the aforesaid judgment entered in the said case of John T. Lewis, Plaintiff, *v.* F. E. McClellan and Minnie McClellan, Defendants, of date June 28, 1913, "be reviewed, modified, and changed so as to conform to law and with the original announcement thereof by the said superior court, and in the following particulars: 1. That the findings and conclusions of law be made to recite that the plaintiff therein, John T. Lewis, is not entitled to specific performance or any relief whatsoever against the defendant Minnie McClellan, and that she is entitled to judgment for her costs herein incurred." 2. That the judgment therein be made to recite that plaintiff is not entitled to specific performance and that plaintiff herein is entitled to judgment for costs. 3. That the "interpolation that the defendant Minnie McClellan has no

right or title to the aforesaid described real property . . . be stricken from said findings and conclusions of law." 4. Likewise the findings that the material allegations of Minnie McClellan's answer are not true and that they be stricken out. 5. Likewise the provision that the plaintiff herein be restrained from asserting any right in the premises be stricken out from the conclusions of law and the judgment. 6 That the portion of the judgment adjudging that the said Minnie McClellan has not now and never has had any right, claim, title, or interest in the property be stricken from said judgment, and that "said John T. Lewis be forever enjoined and restrained from enforcing said judgment in its present form, and for such other relief as may seem meet to the court."

An amendment to the amended complaint was made by leave of court to the effect that the said contract of sale was intended to be signed by both McClellan and his wife, and that it was understood that until it was so signed by both, it was to be ineffectual for any purpose, and that thereafter and before the said contract was signed or executed by both of said last-named parties, "the same was canceled and annulled; and that by reason thereof, the same never became binding upon either or any of the proposed parties thereto."

A demurrer on general and specific grounds was overruled and the defendant answered: Denied that on the first day of April, 1913, or at any time, the defendant commenced an action against the McClellans to enforce the specific performance of an unjust or unreasonable contract or that the said contract was unfair or the consideration inadequate. Alleged that at the time of the execution of said agreement, the said realty was the community property of the said McClellan and his wife. Denied the averment of the amended complaint that the real property "had been purchased largely with moneys that plaintiff had received from her deceased father's estate, and that it was in truth and in fact, or in truth or in fact, her individual property." Denied that said plaintiff was at said time or at all entitled to select and claim said property as a homestead. Denied that the plaintiff herein did at any time "duly select and claim or claim as her homestead under and by virtue of the laws of this state, said real property." Denied the allegations as to what occurred at the time of the close of the trial referred to in

the complaint, and avers "that at close of said trial, said court made certain oral statements from the bench, but which oral statements were not its judgment and which were in substance and in part as follows: That it would be the duty of the court to direct specific performance upon the part of Mr. McClellan, that the judgment of the court can only be, that Mr. McClellan execute the deed; that there was nothing upon which the court could direct the wife to execute a deed, whereupon the following and the only colloquy or conversation took place between the counsel and the judge presiding upon said trial." We do not think it necessary to set out this colloquy.

Defendant denied that he willfully or at all refused to prepare or present the proper findings and decree to the court "for a period of about thirty days and until or until he knew that the attorney for Minnie McClellan had left the state for a three months' absence"; denies that "on the twenty-eighth day of June, 1913, or at any time or at all, and for the purpose or for the purpose of taking advantage of the said Minnie McClellan in the absence of her attorney and of deceiving and imposing or of deceiving or of imposing upon the judge who tried the said cause, or thereby or of thereby injuring and defrauding or of injuring or of defrauding the plaintiff herein, as one of the defendants in said case, and of depriving her or of depriving her of all her right and title or right or title to said real property, presented to the judge who tried the said cause in the said superior court, the findings and decree or the findings or decree in said case, or as they now appear in said case, but, on the contrary, said defendant avers that said findings and conclusions of law and judgment as they are now, were drawn, prepared and submitted to said court by said attorney Grimm, for signing without any fraud or deceit and without imposing upon said court and without any purpose on the part of said attorney or the plaintiff in said case, of unlawfully, wrongfully, or fraudulently depriving her of any rights to said property."

Other of the accusatory averments of the amended complaint are also denied, and defendant alleged "that said attorney for the plaintiff in said case, well knowing that the said oral remarks and announcements of said trial judge in said case at the conclusion of said trial do not and did not constitute the judgment and decision in said case, and well

knowing that the defendant Minnie McClellan was not en-
titled to judgment for costs under the pleadings and issues
raised in said case, and the proofs had therein, and that the
said plaintiff Lewis in said case was entitled to all the facts
found in said findings and to the relief obtained and con-
tained in said judgment and decree, said attorney prepared
and submitted said findings and judgment to the said trial
judge for signature as they now are." The defendant alleges
"that all of the representations made by the said Max Grimm
to the judge who tried said cause, upon presentation of the
findings and conclusions of law and decree in said cause, were
true and correct and were within the issues as raised by the
pleadings in said cause." Alleged "that the plaintiff herein
was not entitled to judgment against the plaintiff Lewis, in
said cause, for her costs in said action; that he was entitled
to the judgment and decree of this court in said cause; that
the plaintiff's right, title, interest, and claim in and to said
realty, under the pleadings in said cause, could be adjudi-
cated in said action and was adjudicated in said action."
Alleged that all of the facts and matters set forth in the find-
ings in said action were within the issues raised by the plead-
ings in said case, "and the said court acquired jurisdiction
and authority to adjudge and decree upon all of said matters
as raised by the pleadings in said case, and as they are now
in said findings and judgment." Denied that any fraudulent
or deceitful acts of any kind or nature "were done or com-
mitted by said Lewis or his attorney in said case, of procuring
said judgment and said findings or of having said findings or
any judgment entered; and further denies that said decision
and judgment was procured and entered without the knowl-
edge or consent of said plaintiff Minnie McClellan." Denied
that the said Minnie McClellan was on June 30, 1913, the
owner of said real property or any part thereof, and denied
that she duly made, executed, or acknowledged the declaration
of homestead upon the said premises; alleges that on said
date, "after the said plaintiff, Minnie McClellan, had full
knowledge and information that the superior court of the
county of San Joaquin, state of California, in said cause, had
made and entered judgment in said case, adjudging and
decreeing that the said plaintiff Lewis, in said action, for and
on behalf of said Grove, was the true and lawful owner of
said real property described in plaintiff's complaint herein,

said Minnie McClellan, by and through the advice and counsel of her husband, F. E. McClellan, and one A. R. Carpenter, her counsel, fraudulently and with the intent and purpose to defeat the said judgment and decree of said court, and, in violation of its terms and provisions, and for the purpose of clouding the title to said property and vexing and annoying the said plaintiff Lewis in the ownership and possession thereof, attempted to make and declare and file a homestead thereon, and in pursuance thereof did cause to be recorded in the office of the county recorder of the county of San Joaquin, state of California, a pretended and attempted homestead on said premises; that said alleged and pretended homestead is fraudulent, illegal, void, and of no force and effect.''

Defendant avers that the only notices and demands sent to or made upon said Minnie McClellan in the said action above referred to were sent and made in accordance with the lawful judgment and decree of said court in said case, and denies that said plaintiff in this action has been damaged in the sum of five thousand dollars or any sum whatsoever by reason of any of the acts or conduct of the said Lewis or his attorney, Grimm. Defendant also pleads in bar of the action all the proceedings, findings, and judgment had in the action of *Lewis* v. *McClellan* above referred to, numbered 10,741. For further answer, also, defendant alleges the pendency of an action commenced by the said Minnie McClellan and her husband against the said John T. Lewis, defendant herein, on November 12, 1913, in said court, said action being numbered 10,943, in which the plaintiffs seek to have the title to said property quieted and their homestead rights determined. That the said defendant Lewis has appeared in said action and filed an answer and cross-complaint therein; that the said action, numbered 10,943, is between the same parties as the action numbered 10,741, and that the subject matter of the action in both cases is the same; that said action is at issue of fact and is undetermined.

The present cause was tried by the court without a jury and the court made findings in favor of the defendant herein and judgment was accordingly entered, from which plaintiff appeals. Among the findings are the following: "That at no time subsequent to the trial of said action No. 10,741, or at any time or at all, did the attorney for the plaintiff Lewis in

said action, to wit, Max Grimm, deceive or impose upon the judge who tried said case, as to the contents or substance of the findings signed by the judge in said action, and the judge in said action signed said findings after reading and understanding same, and he refused to sign the findings presented by the attorney for the defendants in said action.

"That the said judge was not deceived or imposed upon by the said Max Grimm, or any other person, as to the contents of the said findings, and no fraud, deceit, or imposition was committed upon said court by any person in connection with the signing of said findings, or in procuring said judgment in said action No. 10,741.

"That the said judgment in said action No. 10,741 was not false, fictitious, fraudulent, wrong, absurd, erroneous, or inconsistent, but was supported by the evidence therein and was obtained without fraud, mistake, inadvertence, or imposition, and is, in all respects, a good and valid judgment.

"That in and by said judgment in the case 10,741, it was and is adjudicated that the real property in question herein was the community property of Frank E. and Minnie McClellan. That the purchase price agreed upon of $4,250 was a fair and adequate consideration and value for the said property; and said contract was just and reasonable between said Grove and said F. E. McClellan.

"That said plaintiff, Minnie McClellan, did not suffer any damages whatsoever by reason of said findings, conclusions of law, or judgment rendered, filed, and entered in said action No. 10,741."

As conclusions of law, the court found that plaintiff "is not entitled to recover any judgment for damages, and is not entitled to have the findings, conclusions of law, or judgment in said action No. 10,741 amended, modified, changed, or reformed, nor to any other relief from the defendant and the court further finds and decides that the defendant, John T. Lewis, have judgment for his costs incurred herein."

We think there is ample evidence in the record to support the findings of fact. Upon the principle stated in *Bacon* v. *Bacon*, 150 Cal. 477, 484, [89 Pac. 317], that a party may have relief against a judgment on the ground of fraud or mistake, it is contended that it sufficiently appears from what occurred at the conclusion of the trial in the case of *Lewis* v. *McClellan* that the findings and judgment, as entered in that

case, were not the findings and judgment directed to be entered by the court. It is also contended that the announcement made by the judge from the bench must be treated as the decision, and that the findings and judgment not being in accord with such decision, must be treated as void.

We do not think it reasonably inferable from the oral statements of the judge at the close of the trial in *Lewis* v. *McClellan*, that he was precluded from making findings to meet the issues in accordance with the facts. The statute requires that the decision of the court "must be given in writing and filed with the clerk" (Code Civ. Proc., sec. 632) ; and "in giving the decision, the facts found and conclusions of law must be separately stated. Judgment upon the decision must be entered accordingly" (Code Civ. Proc., sec. 633). The remarks of the court touching the question of costs and Mrs. McClellan's relation to the case were but the informal views of the court, subject to future modification when it came to make its findings, "as only properly they could be found, in the formal findings of fact and conclusions of law." (*Montecito Valley Co.* v. *Santa Barbara*, 144 Cal. 578, 595, [77 Pac. 1113].) In *Wadleigh* v. *Phelps*, 149 Cal. 627, 645, [87 Pac. 93], the court had rendered a written opinion in which it said: "Let each party herein pay his, her, or their own costs." Subsequently the court made findings and entered judgment thereon that "plaintiffs recover their costs incurred in this action." There the claim was made that "the court having announced its views as to the costs in the written opinion, could not in the findings and judgment make different provision from that indicated in the opinion." The supreme court said: "This written opinion was, however, no part of the decision in the case, cannot be treated as such, and was entirely without legal effect."

That the findings were not made through fraud or mistake was fully supported by the evidence, and that they were framed to meet and were based on the issues in the case is clearly shown.

Plaintiff's alleged rights arising from the homestead filed by her, from her claim that the property was not community property but was purchased with her money, from the fact that she did not sign the contract of sale—in fact, every claim advanced by her in support of her title to the property was · adjudicated and decided against her contention in the action

of *McClellan* v. *Lewis,* and the judgment has been affirmed on appeal to this court.

Plaintiff has failed to establish the truth of the averments in her amended complaint. The judgment is therefore affirmed.

Burnett, J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 24, 1917.