[L. A. No. 8502. In Bank.—July 16, 1925.]

E. L. PROTHERO, Petitioner, v. THE SUPERIOR COURT
OF THE COUNTY OF ORANGE et al., Respondents.

[1] JUDGMENTS—MOTION TO VACATE JUDGMENT AND ENTER NEW JUDG-
MENT — FAILURE TO ENTER NEW JUDGMENT — VOID ACTION. — To
properly grant a motion to vacate a judgment and enter a new
and different judgment, the trial court should make and enter
another and different judgment pursuant to the requirements of
section 663 of the Code of Civil Procedure, and its failure to enter
such a judgment renders its action on said motion not merely er-
roneous but void.

[2] ID. — MINUTE ORDER FOR JUDGMENT — NOT ENTRY OF DIFFERENT
JUDGMENT.—An order (made on a motion to vacate a judgment
and enter a new and different judgment) which, after decreeing
that the judgment entered in favor of plaintiff was inadvertently
entered and was not the judgment of the court and was set aside,
provided that "the judgment as entered by the court" on a speci-
fied date (which date was prior to the time judgment was entered
in favor of plaintiff) was "the judgment in this action" did not
constitute the entry of another and different judgment, where, as-
suming that the court could effectively render a judgment by refer-
ence to another judgment, the only order of the court made or
entered on said specified date with reference to a judgment was
a minute order that both sides take nothing.

[3] ID.—MINUTE ORDER THAT BOTH SIDES TAKE NOTHING—ORDER FOR
JUDGMENT.—A minute order that both sides take nothing is no
more than an order for judgment, and an order for judgment is
not a judgment.

[4] ID.—FINDINGS AND CONCLUSIONS OF LAW—DECISION—OPINION—
MINUTE ORDERS.—Unless findings are waived, the written findings
of fact and conclusions of law constitute the decision of the court
and judgment must be entered in accordance therewith; and opin-
ions of the judge or minute orders preceding such decision and
judgment are merged in or controlled by the judgment.

[5] ID.—FINDINGS—CONCLUSIONS OF LAW.—Although conclusions of
law were not appended to the findings of fact, the language of the
judgment in favor of plaintiff which was signed and filed in legal
effect constituted conclusions of law upon which the mandate of
the judgment could properly depend.

3. See 15 R. C. L. 570; 14 Cal. Jur. 854.
5. See 14 Cal. Jur. 976.

[6] ID.—ENTRY OF DIFFERENT JUDGMENT—VOID ORDER FOR—EFFECT
UPON PREVIOUS JUDGMENT—CERTIORARI.—The fact that the order
of the trial court purporting to set aside the judgment in plain-
tiff's favor was a void order does not entitle plaintiff, on a pro-
ceeding to review the action of the lower court, to a judgment of
the appellate court annulling the proceedings of the lower court
to such an extent that the judgment entered in his favor would
stand unaffected by the proceedings instituted by the defendants
under section 663 of the Code of Civil Procedure, where, under
the facts shown by the record, the motion of defendants to set
aside and vacate the judgment and enter another and different
judgment is still pending and undetermined.

[7] NEW TRIAL—ENTRY OF JUDGMENT—NOTICE—WAIVER.—The defend-
ants, by serving and filing on the tenth day after the entry of
judgment in plaintiff's favor their notice of motion to vacate and
set aside said judgment, revealed the fact that they had actual
knowledge of the entry of said judgment; and under such circum-
stances the written notice of the entry of the judgment was waived.

[8] ID.—BELATED NOTICE—TIME—JURISDICTION.—A notice of motion
for a new trial, which was served and filed by defendants eighteen
days after the date on which they showed that they had actual
knowledge of the entry of the judgment (no other step looking
to the initiation of new trial proceedings being previously taken),
was therefore served and filed eight days after the expiration of
the ten-day period provided by section 659 of the Code of Civil
Procedure; and the trial court could not on a retrial of the action
initiated pursuant to the belated notice render a valid judgment
for either party.

[9] ID.—STATUTORY CONSTRUCTION—JURISDICTION.—New trial proceed-
ings are statutory and the provisions of the statute must be strictly
followed in order that the rights of the litigant may be preserved
and the court have jurisdiction to entertain such proceedings and
enter valid orders and judgments thereon.

---

(1) 34 C. J., p. 385, n. 97 New.   (2) 33 C. J., p. 1190, n. 97;
34 C. J., p. 385, n. 97 New.   (3) 33 C. J., p. 1055, n. 54, p. 1190,
n. 97.   (4) 33 C. J., p. 1169, n. 36; 34 C. J., p. 507, n. 68 New.
(5) 38 Cyc., p. 1976, n. 33 New.   (6) 34 C. J., p. 385, n. 97 New.
(7) 29 Cyc., p. 928, n. 61.   (8) 29 Cyc., p. 928, n. 60, 61.   (9) 29
Cyc., p. 928, n. 61.

PROCEEDINGS to review and compel the action of the
Superior Court of Orange County in proceedings taken

---

7.  See 20 Cal. Jur. 176.
9.  See 20 Cal. Jur. 145.

under section 663 of the Code of Civil Procedure and for new trial. Z. B. West, Judge. Writs granted.

The facts are stated in the opinion of the court.

Otto Sanaker for Petitioner.

Arthur E. Koepsel for Respondents.

SHENK, J.—The petitioner commenced an action in the respondent court against John F. Boose and others to quiet his title to certain real property and for injunctive relief. The defendants filed an answer wherein affimative relief was sought. At the conclusion of the trial on October 15, 1924, the court made an order from the bench denying relief to both parties and caused an entry thereof to be made in the minutes as follows: "Argument opened and closed. Judgment of the court that both sides take nothing." No findings of fact, conclusions of law, or judgment were made or entered pursuant to said order and findings were not waived. Thereafter, following an informal conference at which counsel for the respective parties were present, the court requested counsel for petitioner to prepare findings in favor of the plaintiff in said action. Findings so prepared were signed and filed by the judge on November 6, 1924, and judgment thereon in favor of the plaintiff was entered the following day. On November 17, 1924, the defendants in said action served and filed a notice of motion to set aside and vacate the judgment and to enter a new and different judgment on numerous grounds, including those mentioned in paragraph 1 of section 663 of the Code of Civil Procedure. On November 21st the court granted said motion. As a memorial of this action in that behalf the minutes of the court were caused to state: "Motion to vacate judgment granted." On December 5th the defendants served and filed a notice of motion for a new trial, designating therein December 12th as the date on which the motion would be made. On the day thus noticed the court filed a written order granting the motion of the defendants to set aside and vacate the said judgment and enter a new and different judgment and included in said written order the following: "It is hereby ordered, adjudged and decreed that said judgment so entered on the 7th day of November, 1924,

was inadvertently entered and was not the judgment of this court, and the same is hereby annulled and set aside and the judgment as entered by the court on the 15th day of October, 1924, is the judgment in this action.'' The court continued the hearing of the motion for new trial to December 19th, on which date the said motion was granted and the cause was set down for retrial on January 2, 1925. No new and different or other judgment was made or entered by the court following its order granting the motion to set aside the judgment entered November 7th.

Pursuant to the prayer of the petition for the issuance of a writ or writs appropriate to the foregoing facts an alternative writ of mandate was issued requiring the respondent court to enter a new and different judgment in said action or show cause why it had not done so. A writ of review was also issued requiring the respondent court to certify its record in the matter of the new trial ordered by the court and further new trial proceedings were stayed pending the determination thereof. These writs were served as required by law and notice of time and place of hearing thereon was duly served and filed. No return has been made to the alternative writ of mandate but there is on file a return to the writ of review setting forth the record and showing the facts as above outlined. **[1]** From a consideration of those facts it is clear that the respondent court, to properly grant said motion, should have made and entered. another and different judgment pursuant to the requirements of section 663 of the Code of Civil Procedure. Its failure to enter such a judgment rendered its action on said motion not merely erroneous but void. (*Dolan* v. *Superior Court,* 47 Cal. App. 235 [190 Pac. 469].) There is nothing in the record to warrant the conclusion that the judgment entered November 7th was inadvertently entered or that said judgment was not the judgment of the court. **[2]** The order of the court filed December 12, 1924, providing that ''the judgment as entered by the court on the 15th day of October, 1924, is the judgment in this action,'' although perhaps so intended, did not constitute the entry of another and different judgment. Assuming that the court could effectively render a judgment by reference to another judgment, a question which is not now decided, still the only order of the court made or entered on October 15th

with reference to a judgment was a minute order that both sides take nothing. [3] Such order was no more than an order for judgment and an order for judgment is not a judgment. (*Canadian etc. Co.* v. *Clarita etc. Co.*, 140 Cal. 672 [74 Pac. 301]; *Cuneo* v. *Cuneo*, 40 Cal. App. 564 [181 Pac. 229]; *United Taxpayers Co.* v. *San Francisco*, 55 Cal. App. 239 [203 Pac. 120].) [4] Unless findings are waived, and they were not waived in the present case, the written findings of fact and conclusions of law constitute the decision of the court and judgment must be entered in accordance therewith (secs. 632, 633, Code Civ. Proc.; *Brownell* v. *Superior Court*, 157 Cal. 703 [109 Pac. 91]; *Hoover* v. *Lester*, 16 Cal. App. 151 [116 Pac. 382]). Opinions of the judge or minute orders preceding such decision and judgment were merged in or controlled by the judgment (*Montecito Valley Co.* v. *Santa Barbara*, 144 Cal. 578 [77 Pac. 1113]; *Wadleigh* v. *Phelps*, 149 Cal. 627 [87 Pac. 93]; *DeCou* v. *Howell*, 190 Cal. 741 [214 Pac. 444]; *McClelland* v. *Lewis*, 35 Cal. App. 133 [169 Pac. 438]). [5] Although conclusions of law were not appended to the findings of fact in said action the language of the judgment which was signed and filed in legal effect constituted conclusions of law upon which the mandate of the judgment could properly depend (*Takekawa* v. *Hole*, 170 Cal. 323 [149 Pac. 593]).

[6] The petitioner insists that since the order of the court setting aside said judgment and leaving the case undetermined was a void order (*Dolan* v. *Superior Court, supra*) he is now entitled to the judgment of this court annulling the proceedings of the respondent court to such an extent that the judgment entered November 7th would then stand as a judgment in his favor unaffected by the proceedings instituted by the defendants under said section 663. We cannot so conclude. Under the facts shown by the record the motion to set aside and vacate the judgment and enter another and different judgment is still pending and undetermined. Until that motion is properly disposed of the action of the court thereon as contemplated by the statute has not taken place.

[7] Petitioner also contends that the proceedings for a new trial were and are beyond the power of the court to entertain, for the reason that they were not initiated within the statutory time. The judgment was entered November

7th. No notice of the entry of judgment appears to have been served on the defendants. However, on November 17th the defendants served and filed their notice of motion to vacate and set aside said judgment, particularly referring in that document to the judgment entered November 7th. By filing this notice of motion in the records and files of said action the defendants revealed the fact that they had actual knowledge of the entry of said judgment. Under such circumstances the written notice of the entry thereof was waived. (*Thorne* v. *Finn,* 69 Cal. 251 [10 Pac. 414]; *Timmons* v. *Coonley,* 39 Cal. App. 35 [179 Pac. 429]; 20 Cal. Jur., p. 176 and cases cited.) [8] On December 5th the defendants served and filed their notice of motion for a new trial. No notice of intention to move for a new trial or other step looking to the initiation of new trial proceedings was taken prior to December 5th. The notice of motion served and filed on that date was therefore served and filed eight days after the expiration of the ten-day period provided by section 659 of the Code of Civil Procedure. [9] New trial proceedings are statutory and the provisions of the statute must be strictly followed in order that the rights of the litigant may be preserved and the court have jurisdiction to entertain such proceedings and enter valid orders and judgments thereon (*California Imp. Co.* v. *Baroteau,* 116 Cal. 136 [47 Pac. 1018]; *Whiting-Mead Com. Co.* v. *Bayside Land Co.,* 178 Cal. 93 [172 Pac. 598]; *Ransome-Crummey Co.* v. *Superior Court,* 188 Cal. 393 [205 Pac. 446]; *Diamond* v. *Superior Court,* 189 Cal. 732 [210 Pac. 36]). It is clear that on the record here presented the respondent court could not on a retrial of the action initiated pursuant to the belated notice render a valid judgment for either party.

It is therefore ordered that all proceedings of the respondent court in said action subsequent to the filing therein on November 17, 1924, of defendants' notice of motion to vacate the judgment and enter another and different judgment be and the same are hereby annulled and that a peremptory writ of mandate issue requiring the respondent court on proper notice to entertain and determine the said motion as required by law.

Seawell, J., Richards, J., Lennon, J., Waste, J., Lawlor, J., and Myers, C. J., concurred.