[No. 3,107.]

## LUDWIG ALTSCHUL *v.* JAMES DOYLE, Sr., et al.

GRANTING NEW TRIAL.—The Supreme Court will not interfere with the
action of the Court below in granting or refusing a new trial, when
there is a substantial conflict in the evidence, and the circumstance
that, intermediate the trial and the determination of the motion for a
new trial, a change in the incumbency of the bench in the Court below
had occurred, makes no difference in the application of the rule.

IDEM.—When a new trial is asked for on several grounds, and it is granted,
and the record does not show for which one of the reasons it was
granted, the order granting the new trial will not be reversed, if it may
have been properly granted for any one of the reasons assigned.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The plaintiff recovered judgment in an action of ejectment, and the defendants moved for a new trial. O. C. PRATT was the Judge of the Twelfth District Court, who presided at the trial, and his term of office having expired, his successor, E. W. McKINSTRY, granted a new trial.

The plaintiff appealed from the order granting a new trial.

*E. A. Lawrence,* for the Appellant,

*E. L. B. Brooks* and *Walter Van Dyke,* for the Respondents.

By the Court, WALLACE, C. J.:

The motion of the defendants for a new trial was based not only upon errors of law alleged to have been committed at the trial, but also upon the insufficiency of the evidence to justify the decision. The motion was granted by the Court below, but the particular ground or grounds upon which it was granted do not appear by the record. It may have been granted because the Court below was not satisfied with the evidence adduced upon some of the numerous sharply-disputed questions of fact involved, and it is a settled rule of practice prevailing in this Court not to interfere with the action of the trial Court in granting or refusing a new trial upon a question of fact, where there is a substantial conflict in the evidence. The circumstances, that intermediate the trial and the determination of the motion for a new trial, a change in the incumbency of the bench in the Court below had occurred, and that the motion was determined by the new incumbent, who had not presided at the trial, can make no difference in the application of the rule. The consideration, in the first instance, of the question, as to whether or not the decision upon a substantially-contested issue of fact is satisfactory to the judicial conscience, is a function of the trial Court as such; its determination

by that Court is entitled to the utmost degree of deference at our hands; and upon looking into the record in this case, we find no reason to disturb the conclusion arrived at below.

Order affirmed.   Remittitur forthwith.

Mr. Justice McKINSTRY did not express an opinion.