## AUSTIN v. GAGAN et al.

### No. 14,639; August 16, 1892.

#### 30 Pac. 790.

**Appeal—Presumption.—On Appeal from an Order Granting a New Trial,** where the motion was made on several grounds, including insufficiency of the evidence, and it does not appear on what ground it was granted, it will be presumed, in support of the order, where there was a conflict of evidence on a material point, that it was granted because of insufficiency of the evidence, and the order will not be reversed.

**Appeal.—An Order Granting a New Trial,** when the evidence is conflicting, will not be reversed because the judge who made the order was not the one who presided at the trial.

APPEAL from Superior Court, Nevada County; John Caldwell, Judge.

Action by one Austin against one Gagan and others. From an order granting a new trial, defendants appeal. Affirmed.

F. T. Nilon and Chas. W. Kitts for appellants; Thos. S. Ford for respondent.

DE HAVEN, J.—The defendants appeal from an order of the superior court granting the plaintiff a new trial. The motion for a new trial was based upon alleged errors of law occurring during the trial, and upon the further ground that the evidence was insufficient to justify the decision of the court. The motion was heard upon a bill of exceptions, and the order of the court granting it does not specify the particular ground upon which the order was made.

1. Upon such a record the rule is firmly established here that the order will not be disturbed if the court was justified in granting the motion upon any of the grounds specified in the notice of motion for new trial: Weddle v. Stark, 10 Cal. 302; Oullahan v. Starbuck, 21 Cal. 414; Altschul v. Doyle, 48 Cal. 535; Pierce v. Schaden, 55 Cal. 407; People v. McAuslan, 43 Cal. 55. If there was a substantial conflict in the evidence, and the order is general in its terms, it will be presumed in support of the ruling of the court below that the order was based upon the ground of the insufficiency of the evidence, where that was one of the grounds of the motion. The action in this case was one in form to determine an adverse claim to real property, under section 738 of the Code of Civil Procedure, and the title of plaintiff is an entry of the land in controversy as a homestead under the laws of the United States. This entry or homestead filing was made on April 17, 1886, and it was a material question in the case whether at that date the land was known as "mineral land," within the meaning of the laws of the United States, and so not subject to entry as a homestead. The evidence upon this point was conflicting in a substantial degree, and this being so, we cannot disturb the order of the court setting aside its findings and granting a new trial.

2. Nor is the rule that this court will not reverse an order granting a new trial, where the evidence is conflicting,

changed by the fact, appearing in this case, that the judge who granted the motion was not the one who presided at the trial: Altschul v. Doyle, 48 Cal. 535; Wilson v. Railroad Co., 94 Cal. 166, 17 L. R. A. 685, 29 Pac. 861. It is unnecessary to pass upon the other questions discussed in the briefs of counsel.

Order affirmed.

We concur: McFarland, J.; Sharpstein, J.