### In re MUNGER et al.

(Supreme Court, Appellate Division, Second Department. November 20, 1896.)

REMOVAL OF CAUSES—JURISDICTION.

A county judge who is voluntarily absent from his county at the time set for the hearing of a cause pending in the county court is not "incapable to act" (Code Civ. Proc. § 342), so as to authorize the removal of the cause to the supreme court.

Appeal from special term, Dutchess county.

Application by George W. Munger and Samuel Verplanck to lay out a highway in the towns of Wappinger and Fishkill, and to assess damages. From an order confirming the report of commissioners in favor of laying out the highway, and from orders and motions to resettle the order of confirmation, James V. Mead and the town of Fishkill appeal. Order denying motion to resettle dismissed. Order affirming report reversed.

Argued before BROWN, P. J., and CULLEN, BARTLETT, HATCH, and BRADLEY, JJ.

W. Farrington, for appellants.
Edgar M. Doughty, for respondents.

WILLARD BARTLETT, J. This proceeding was duly instituted in the county court of Dutchess county. On July 6, 1896, the county judge made a certificate reciting that a motion to confirm the report of the commissioners had been noticed for July 7, 1896, and declaring

that by reason of his being absent from the state of New York, in the state of Maine, whence he would not return until the month of August, 1896, he was incapable to act in the matter. Prior to the time when the motion was returnable in the county court, this certificate was filed in the office of the county clerk. There being no special county judge in Dutchess county, the attorney for the applicants in the proceeding to lay out the highway thereupon obtained an order from Mr. Justice Barnard, returnable in the supreme court at special term in Poughkeepsie, requiring the other parties in interest to show cause why the motion to confirm the report of the commissioners should not be argued on July 11, 1896, and directing that it then be argued if no good cause were shown to the contrary. Upon the return day the supreme court made the principal order which now comes up for review.

The jurisdiction of the supreme court to make that order is asserted under section 342 of the Code of Civil Procedure, which provides in part as follows:

"If the county judge is, for any cause, incapable to act in an action or special proceeding, pending in the county court, or before him, he must make, and file in the office of the clerk, a certificate of the fact; and thereupon the special county judge, if any, and if not disqualified, must act as county judge in that action or special proceeding. Upon the filing of the certificate, where there is no special county judge, or the special county judge is disqualified, the action or special proceeding is removed to the supreme court, if it is then pending in the county court; if it is pending before the county judge, it may be continued before any justice of the supreme court within the same judicial district. * * * Thereupon the subsequent proceedings in the supreme court must be the same as if it had originally been brought in that court, except that an objection to the jurisdiction may be taken, which might have been taken in the county court."

It is objected in behalf of the appellants that this section has no application whatever to a voluntary absence of the county judge from the state. We think this objection is well taken. Section 342 provides for the making of a certificate which shall have the effect of removing the cause to the special county judge if there be one, or to the supreme court only when the county judge is "incapable to act" in the action or special proceeding. The section refers to an incapacity relating to a particular action or special proceeding, rather than to a general incapacity to act as a judge at all. Thus, in section 46 of the Code it is provided that a judge shall not sit in a cause or matter to which he is a party, or in which he has been an attorney or counsel, or in which he is interested, or if he is related, by consanguinity or affinity, to any party to the controversy within the sixth degree. The phrase "incapable to act in an action or special proceeding," in section 342, contemplates a disqualification of the character mentioned in section 46, or actual physical disability, and does not, in our opinion, extend to a case in which the county judge chooses to be away from the state at a time set for the hearing of an application in the county court. In the matter before us, the county judge of Dutchess county had complete legal capacity to entertain, hear, and determine the motion to confirm the report of the commissioners in reference to the proposed highway. The only obstacle to his doing so was his voluntary absence from the place

where the court was to be held, on the 7th day of July, 1896. He was no more incapable of acting in the proceeding than any judge would be incapable of acting in a trial who voluntarily remained away from the only place in which he could lawfully hold a trial term, even though he stayed within his own county. It is not such a contingency as this which is contemplated by the section in question. If it were, a county judge might divest his court of jurisdiction in scores of cases, simply by making the prescribed certificate upon his departure for a summer vacation in a neighboring state, and could thus compel the supreme court to take them up, and proceed with them until the rendition of final judgment in each. A construction is not to be favored under which such consequences are possible. The term "incapable" or "incapacity" is seldom used in legislation as inclusive of the idea conveyed by the word "absent" or "absence." In the constitution of the state of New York it is provided that the powers and duties of the governor shall devolve upon the lieutenant governor "in case of the impeachment of the governor, or his removal from office, death, inability to discharge the powers and duties of the said office, resignation, or absence from the state." Article 4, § 6. Here the term "inability," which is certainly as broad in its meaning as "incapacity," was evidently not regarded as broad enough to embrace "absence." Section 89 of the highway law (Laws 1895, c. 716) provides that, within 30 days after the decision of the commissioners shall have been filed in a proceeding to lay out a highway, "any party interested in the proceeding may apply to the court, if in session, or to the county judge appointing the commissioners, for an order. confirming, vacating or modifying their decision, and such court or judge may confirm, vacate or modify such decision." If the decision is vacated, another hearing of the matter may be ordered before the same or other commissioners; but, if no such motion is made, the statute declares that the decision of the commissioners shall be deemed final. It appears that the 30 days after the filing of the report herein would have expired on July 15, 1896; and it is suggested in behalf of the respondents that it was essential to their rights that the motion should be heard before the return of the county judge from Maine. But the respondents wanted the decision of the commissioners to stand, and to this end no motion was necessary, for, in the absence of any application, the highway law made that decision final. It is therefore impossible to perceive why it was important to the respondents to bring the case before any court at any time whatever.

Under our view of the proper construction of section 342 of the Code, however, the supreme court had no jurisdiction herein, and was without authority to make the order confirming the commissioners' report. That order must therefore be reversed, with $10 costs and disbursements, and the motion to confirm the report of the commissioners must be denied, for want of jurisdiction, with $10 costs. The appeals from the denial of the motion to resettle such order will be dismissed, without costs. All concur.