[S. F. No. 35.    In Bank.—February 27, 1897.]

## CALIFORNIA IMPROVEMENT COMPANY (A CORPORATION), APPELLANT, *v.* MARY BAROTEAU ET AL., RESPONDENTS.

APPEAL FROM JUDGMENT—REVIEW OF EVIDENCE—LIMITATION.—There can be no review of the insufficiency of the evidence to justify the decision upon an appeal from the judgment, where such appeal was taken more than sixty days after the rendition of the judgment.

NEW TRIAL—RIGHT TO MOVE STATUTORY—LOSS OF RIGHT—FAILURE TO SERVE NOTICE OF INTENTION IN TIME LIMITED.—The right to move for a new trial is statutory, and must be pursued in the manner pointed out by the statute; and where the notice of intention to move for a new trial is not served within the ten days prescribed by section 659 of the Code of Civil Procedure, and the time therefor is not lawfully extended, the right to move for a new trial is lost.

'ID.—INSUFFICIENT EXTENSION OF TIME—MOTION TO MODIFY FINDINGS—ORDER STAYING ENTRY OF JUDGMENT.—A party cannot extend the time for service of a notice of intention to move for a new trial, at his own volition; and a motion by such party to modify and set aside the findings does not operate to extend the statutory time within which service of such notice must be made; nor does an order, upon his motion, staying the entry of judgment until after the determination of the motion to modify the findings, extend the time for the service of such notice.

ID.—CONSTRUCTION OF CODE— "NOTICE OF DECISION"—ACTUAL NOTICE SUFFICIENT.—Under section 659 of the Code of Civil Procedure, which provides that a motion for a new trial must be made within ten days "after notice of the decision," where it appears affirmatively that the party moving for a new trial had actual notice of the decision, no formal service of a written notice by the opposite party is necessary.

Id.—Proof of Actual Notice—Recital in Motion to Modify Findings.—Where a party moving for a new trial has made a formal written motion to set aside the findings, reciting in his motion that the court had filed its findings, he will not be heard to say that he had no notice of such findings.

Appeal from a judgment of the Superior Court of Alameda County and from an order denying a new trial.   F. W. Henshaw, Judge.

The facts are stated in the opinion of the court.

*Chickering, Thomas & Gregory,* and *C. Harding Tebbs,* for Appellant.

*J. W. Goodwin* for Respondents.

McFarland, J.—This is an appeal by plaintiff from a judgment in favor of defendants, and from an order denying its motion for a new trial.

The notice of the motion for a new trial is based alone upon " insufficiency of the evidence to justify the decision"; and all the questions raised by the appellant rest upon the insufficiency of the evidence.

Respondents contend that there can be here no review of the evidence, because: 1. The appeal from the judgment was not taken until more than sixty days after it was rendered; and 2. That appellants' notice of intention to move for a new trial was not given in time. Both of these contentions must be sustained. As to the appeal from the judgment, it clearly appears, and is not denied, that it was not taken until more than sixty days after the rendition of the judgment. The facts as to the notice of intention to move for a new trial are as follows: The findings which constitute the decision were filed May 12, 1894. Three days afterward, to wit, on May 15th, the appellant served and filed a notice of a motion, as follows: " That the court having filed its findings in this case, plaintiff moves the court to modify and set aside the findings of fact and conclusions of law based thereon, to wit." The notice stated that this motion would be made on the 21st of May, 1894, or as

soon thereafter as counsel could be heard. On the 4th of June, 1894, the said motion was heard by the court, and denied. Thereafter, on the eleventh day of June, 1894, the appellant served and filed his notice of intention to move for a new trial. This was, of course, much more than the ten days prescribed by section 659 of the Code of Civil Procedure after the filing of the findings, and was clearly too late. The right to move for a new trial is statutory, and must be pursued in the manner pointed out by the statute. (*Burton* v. *Todd*, 68 Cal. 489.) The position of appellant, that the motion to modify and set aside the findings extended the statutory period within which a motion for a new trial must be made, is not tenable. If that were so, a party could always extend the time at his own volition, by giving notice of motion to modify. In this case the filings filed on the 12th of May were never modified or changed in any respect, nor were any new findings ever made; and it is clear that the time for moving for a new trial commenced to run from the date of the filing of said findings. This same principle was applied in *Shinn* v. *Cummins*, 65 Cal. 97, where it was held that "the pendency of defendant's motion to dismiss, vacate, and set aside the pretended service of summons and copy of complaint" did not extend the time specified in the summons for answering the complaint. In the case at bar the judgment was not entered until after the determination of the said motion to set aside the findings, and it is stated in plaintiff's brief that the entering of the judgment was stayed by an order of the court until after the determination of said motion to set aside the findings; and, although we do not observe any statement of that fact in the record, still, if it were so, an order suspending the judgment does not extend the statutory time within which a motion for a new trial must be made.

The appellant contends that there was no notice served on him of the filing of the findings, and that therefore the time for making a motion for a new trial

had not expired when such motion was made; but section 659 provides now only that the motion must be made within ten days "after notice of the decision"; and it has been definitely settled that where it appears affirmatively that the party moving for a new trial had actual notice of the decision, no formal service of a written notice is necessary. (*Gray* v. *Winder*, 77 Cal. 525; *Mullally* v. *Irish-American Ben. Soc.*, 69 Cal. 559; *Wall* v. *Heald*, 95 Cal. 365; *Dow* v. *Ross*, 90 Cal. 562.)

Of course, where a party in whose favor a decision is made has not given formal notice of such decision, and there is a conflict of evidence as to whether the other party had actual knowledge of the same, this court would not look very closely into such evidence, but where, as in the case at bar, a party makes formal written motion to set aside findings, reciting in his motion that the court had filed the same, he will not be heard to say that he had no notice of such findings. Appellant relies somewhat upon *Biagi* v. *Howes*, 66 Cal. 469. That case, however, seems to have been based upon the authority of cases where there was a statutory provision that there must be a written notice of the decision, and upon that ground it was distinguished from the other cases upon the subject in the opinion of the court in *Mullally* v. *Irish-American Ben. Soc.*, *supra;* and if it cannot be so distinguished, it must be held as overruled by the later decisions above cited.

The judgment and order appealed from are affirmed.

VAN FLEET, J., HARRISON, J., and TEMPLE, J., concurred.