QUEENS–NASSAU MORTGAGE CO. v. GRAHAM et al.

(Supreme Court, Appellate Division, Second Department.    June 27, 1913.)

1. APPEAL AND ERROR (§ 934*)—RECORD—PRESUMPTIONS.

Where the record on appeal does not contain any answer or demurrer, but the judgment therein recites that it was rendered after trial of the issues, the court on appeal from an order vacating the judgment must assume that an issue of fact or law was raised and disposed of by the trial court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781, 3782; Dec. Dig. § 934.*]

2. JUDGES (§ 43*)—DISQUALIFICATION—INTEREST.

A county judge who is a stockholder in a corporation instituting an action in the county court is interested in the action, within Judiciary Law (Consol. Laws 1909, c. 30) § 15, providing that a judge shall not sit in an action in which he is interested, and consent of the parties will not confer jurisdiction on him to try the case.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 201, 202; Dec. Dig. § 43.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. JUDGES (§ 43*)—DISQUALIFICATION—RIGHT TO ACT.

Under Code Civ. Proc. § 342, providing that, where the county judge is incapable to act in any action, he must file a certificate of the fact, and thereupon the special county judge, if any, and not disqualified, must act as county judge, and where there is no special judge the action is automatically removed to the Supreme Court.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 201, 202; Dec. Dig. § 43.*]

4. JUDGES (§ 40*)—DISQUALIFICATION—REMOVAL OF CASE—STATUTES—VALIDITY.

Code Civ. Proc. § 342, providing that, where the county judge is incapable of acting in any action, he must make a certificate of the fact, and tne special county judge, if any, must act as county judge in the action, and, when there is no special judge, the action is removed to the Supreme Court, so construed as to provide that the certificate of disqualification by a disqualified judge of a county having no special judge operates automatically to remove the case to the Supreme Court, so that the county judge of any other county may not be called in to try the case, is not in conflict with Const. art. 6, § 14, providing that a county judge may hold court in any other county when requested by the judge thereof; for the Constitution authorizes a county judge to hold court in another county only to try actions pending in that court.

[Ed. Note.—For other cases, see Judges, Cent. Dig. § 185; Dec. Dig. § 40.*]

Appeal from Special Term, Queens County.

Action by the Queens-Nassau Mortgage Company against James S. Graham and another. From an order vacating and setting aside a judgment of foreclosure and sale, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Charles H. Street, of Jamaica (Leander B. Faber, of Jamaica, on the brief), for appellant.

Frederick H. Cox, of New York City, for respondents.

BURR, J. This action was brought in the County Court of Queens county for the foreclosure of a mortgage upon real property situated in said county.

[1] Neither the answer of defendants, nor any demurrer interposed by them, is included in the printed record upon appeal, but the judgment of foreclosure and sale, which does appear therein, and which is one of the papers used on the motion resulting in the order appealed from, contains a recital that it was rendered after trial of the issues. We must assume, therefore, that an issue, either of fact or law, was raised and disposed of by trial in said County Court. After the entry of said judgment, a motion was made in the Supreme Court by defendants to vacate and set aside said judgment and all proceedings founded thereon for alleged want of jurisdiction of the said County Court, and from an order granting said motion plaintiff appeals.

[2] It appears that plaintiff is a domestic corporation, and that the learned county judge of Queens county is a stockholder therein. After

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the commencement of the action he made and filed a certificate, in form as follows:

"It appearing in this action that the undersigned, county judge of Queens county, is incapable to act therein by reason of being a stockholder in the Queens-Nassau Mortgage Company, the plaintiff in this action, and there being no special county judge therein: Now, therefore, I hereby certify the facts so to be to the end that Hon. James P. Niemann, county judge of Nassau county, is requested to hold the County Court of Queens county for the purpose of hearing and determining the issues herein."

The Judiciary Law provides that:

"A judge shall not sit as such in, or take any part in the decision of, a cause or matter  *  *  *  in which he is interested." Consolidated Laws, c. 30 (Laws of 1909, c. 35) § 15.

Such interest arises out of ownership of stock in a corporation which is a party to the action (Matter of Dodge & Stevenson Mfg. Co., 77 N. Y. 101, on page 107, 33 Am. Rep. 579); and, if a judge is disqualified, consent of the parties will not confer jurisdiction (Oakley v. Aspinwall, 3 N. Y. 547).

[3] "If the county judge is, for any cause, incapable to act in any action  *  *  *  pending in the county court,  *  *  *  he must make, and file in the office of the clerk, a certificate of the fact; and thereupon the special county judge, if any, and if not disqualified, must act as county judge in that action.  *  *  *  Upon the filing of the certificate, when there is no special county judge,  *  *  *  the action  *  *  *  is removed to the Supreme Court, if it is then pending in the County Court." Code Civ. Proc. § 342. Disability by reason of interest renders a judge incapable to act within the meaning of this section. Matter of Munger, 10 App. Div. 347, 41 N. Y. Supp. 882.

[4] It is conceded that there is no special county judge in Queens county. It seems clear that, if the certificate of the county judge of Queens county had contained only the words certifying to his disqualification, automatically the action would have been removed to the Supreme Court, and all subsequent proceedings of necessity would be had therein the same as if the action had been originally brought there. But, because coupled with the certificate of disqualification there is a request by the county judge of Queens county that the county judge of Nassau county hold the County Court of Queens county for the purpose of hearing and determining the issues in this action, appellant contends that the provisions of the statute for removal to the Supreme Court never became operative. This contention is based upon the Constitution (article 6, § 14), which reads as follows:

"A county judge of any county may hold county courts in any other county when requested by the judge of such other county."

Unless there is a conflict between the Code provision above cited and those of the Constitution, appellant's contention is unsound. It seems to us that there is none. The constitutional provision relates to the power of the judge, the statute to the jurisdiction of the court. If the county judge had made no certificate of his disability, as the statute

in express words requires him to do when it exists, "the Supreme Court, upon the application of either party, made upon notice, and upon proof that the county judge is incapable to act in an action * * * pending in the County Court, may, and if the special county judge is also incapable to act, must, make an order removing it to the Supreme Court." Code of Civil Procedure, § 342. When upon request the county judge of Nassau county came into Queens county, the Constitution authorized him to hold County Courts there, but only to try such actions as were then pending in that court. This action was not at that time pending therein, but in the Supreme Court. Matter of Village of Rhinebeck, 19 Hun, 346. There is nothing in conflict with this view in the case of In re Ryers, 10 Hun, 93, affirmed 72 N. Y. 1, 28 Am. Rep. 88. In that case the Court of Appeals said (72 N. Y. 16, 28 Am. Rep. 88) that the case was controlled by a special statute, and not by the provisions of the Code of Procedure (section 30, subd. 13), which latter section has been substantially re-enacted in section 342 of the Code of Civil Procedure above referred to.

The order appealed from should be affirmed, with $10 costs and disbursements. All concur.