## NORWOOD v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
April 12, 1927.

No. 2529.

Exceptions, bill of ⊚⇒32(2)—Bill of exceptions held improperly allowed and signed by judge who did not preside at trial, absent necessary showing (Rev. St. § 953, as amended by Act June 5, 1900, § 1 [Comp. St. § 1590]).

Under Rev. St. § 953, as amended by Act June 5, 1900, § 1 (31 Stat. 270), being Comp. St. § 1590, a bill of exceptions allowed and signed by a judge who did not sit at the trial *held* not a proper bill, in the absence of any showing that judge who presided was dead, ill, or otherwise disabled from allowing and signing bill.

In Error to the District Court of the United States for the Western District of North Carolina, at Greensboro; Edwin Y. Webb and Henry H. Watkins, Judges.

J. D. Norwood was convicted of misapplying funds of a national bank of which he was a director, and he brings error. Affirmed.

A. L. Brooks, of Greensboro, N. C. (E. S. Parker, Jr., and Julius C. Smith, both of Greensboro, N. C., Clyde Hoey, of Shelby, N. C., and Walter Woodson, of Salisbury, N. C., on the brief), for plaintiff in error.

F. A. Linney, of Charlotte, N. C., U. S. Atty. (Frank C. Patton, of Morganton, N. C., and Kenneth J. Kindley, of Charlotte, N. C., Asst. U. S. Attys., on the brief), for the United States.

Before WADDILL and ROSE, Circuit Judges, and GRONER, District Judge.

ROSE, Circuit Judge. The plaintiff in error, defendant below, and so styled here, was convicted of certain misapplications of the funds of a national bank of which he was a director. The only error assigned or suggested is to the refusal of the learned District Judge to direct a verdict for the defendant.

We have, in spite of what is presently to be said, carefully examined what purports to be the record and the bill of exceptions, precisely as if both were properly before us. We are satisfied that the evidence for the government made out a case for the consideration of the jury, and that no error was made in leav-

18 F.(2d)—37

ing it to their determination. It appears, however, that the case was actually tried before Hon. H. H. Watkins, District Judge of the Western District of South Carolina, then by special assignment regularly sitting in the Western District of North Carolina. What purports to be the bill of exceptions is allowed and signed by Hon. E. Yates Webb, United States District Judge of the Western District of North Carolina, who took no part in the trial and does not appear to have been present at it.

Prior to the Act of June 5, 1900, 31 Stat. 270, amending and re-enacting section 953 of the Revised Statutes (Comp. St. § 1590), the allowing and signing of a bill of exceptions was an act which could only be performed by the judge who sat at the trial. Maloney v. Adsit, 175 U. S. 281, 20 S. Ct. 115, 44 L. Ed. 163. By the act in question, the rule is changed to the extent that, where the judge before whom the case was tried is, by reason of death, sickness, or other disability, unable to allow and sign a bill of exceptions, such allowance may be made and signature attached by any judge of the court in which the case was tried, if he feels he can. His power to do so, however, depends upon the death, sickness, or disability of the judge who tried the case. The record does not show that Judge Watkins was ill or otherwise disabled to allow and sign the bill, and it is admitted that he was not. It follows that we have no bill of exceptions before us. However regrettable such a situation might otherwise have been, it has no practical effect here, for, as already stated, what the defendant would like us to consider as a bill of exceptions discloses no error.

Affirmed.

The above opinion was prepared by Judge ROSE before his death and concurred in by the other members of the court.