## KAVA v. UNITED STATES.

### No. 9511.

Circuit Court of Appeals, Eighth Circuit.

Oct. 5, 1932.

J. D. Cranny, of Omaha, Neb., for appellant.

Charles E. Sandall, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Robert Van Pelt, Asst. U. S. Atty., of Lincoln, Neb., and Edson Smith and Lawrence I. Shaw, Asst. U. S. Attys., both of Omaha, Neb.

Before KENYON, GARDNER, and SANBORN, Circuit Judges.

PER CURIAM.

The appellant appeals from a judgment and sentence upon a conviction under an indictment charging him with three violations of the National Prohibition Act (27 USCA). The trial commenced at Omaha, Neb., on the 4th day of March, 1932, before Judge Dewey, and was concluded on the 7th day of March, 1932. Judgment and sentence was pronounced by Judge Dewey on the 9th day of March, 1932. The bill of exceptions is authenticated by Judge Woodrough.

Section 776, title 28, USCA, requires the authentication of a bill of exceptions by the judge who tried the case, unless he is, "by reason of death, sickness, or other disability," unable to allow and sign the bill, in which case his successor or any other judge of the court in which the case was tried, if able to allow a true bill of exceptions, may do so.

There is nothing in the certificate of Judge Woodrough which would indicate that Judge Dewey was prevented by death, sickness, or other disability from signing the bill of exceptions in this case; and, since Judge Dewey still occupies the office of United States District Judge for the Southern District of Iowa, and has done so for some years, the presumption is, in the absence of any showing to the contrary, that he was able, on April 19, 1932, when the bill of exceptions was signed, to settle and allow the bill. We therefore have before us no bill of exceptions which we may consider. Malony v. Adsit, 175 U. S. 281, 20 S. Ct. 115, 44 L. Ed. 163; Ulmer v. United States, 266 F. 176 (C. C. A. 2); Kreiner v. United States, 11 F.(2d) 722 (C. C. A. 2); Norwood v. United States, 18 F.(2d) 577 (C. C. A. 4).

The only error assigned which could be considered in the absence of a proper bill of exceptions is that which challenges the sufficiency of the indictment, and that is not specified as error or argued in the brief. Furthermore, it is the usual form of indictment charging possession with prior conviction, sale, and nuisance in violation of the National Prohibition Act (27 USCA), and specifies the time and place that the offenses were alleged to have been committed. It was not demurred to, nor was any question as to its sufficiency raised at any time during the trial.

Let the judgment and sentence be affirmed, and the mandate of this court be issued forthwith.