Town of Hempstead, Plaintiff, v. Irving Listengart et al., Defendants.

Supreme Court, Special Term, Nassau County, April 8, 1949.

*J. Gerard McLaughlin* for Henry Felton and another, defendants.

*John M. Duffy* for Joseph Hoffman and others, defendants.

*George R. Brennan* for plaintiff.

Hallinan, J. In this condemnation proceeding, which was brought in the County Court of Nassau County, defendants moved for an order dismissing the petition pursuant to rule 107 of the Rules of Civil Practice. Said motion came on to be heard before the County Judge on December 15, 1948. Before a decision was rendered or an order signed, the County Judge became ill and he filed a certificate that he was incapacitated from holding court during the period from December 29, 1948, to December 30, 1948, inclusive. By similar certificates the period was extended to and including March 18, 1949. In said certificates he requested the County Judge of Suffolk County to act as County Judge of Nassau County during said period. On February 12, 1949, and during the period of his absence the County Judge rendered a decision denying defendants' motion, and after his return to the bench he signed an order thereon on March 22, 1949.

All defendants, except Listengart, now move to vacate that order on the ground that the County Judge was without power

to render a decision or sign an order in this proceeding after the filing of the certificate of incapacity, on the ground that the filing of said certificate automatically transferred this proceeding from the County Court to the Supreme Court, pursuant to the provisions of section 73 of the Civil Practice Act.

It is not suggested that the County Judge was disqualified from sitting in this proceeding by reason of interest, relationship, or any of the other disqualifying reasons set forth in section 14 of the Judiciary Law. In our opinion, section 73 of the Civil Practice Act is applicable only when the County Judge is disqualified from sitting in a specific action or special proceeding and not when he is absent by reason of illness, vacation or any other reason from all his duties in the court.

Section 73 of the Civil Practice Act provides, in part: " If the county judge is for any cause incapable to act *in an action or special proceeding* pending in the county court, or before him, he must make, and file in the office of the clerk, a certificate of the fact ". (Italics supplied.)

In *Matter of Munger* (10 App. Div. 347, 348), the court said: " The section refers to an incapacity relating to a particular action or special proceeding, rather than to a general incapacity to act as a judge at all."

In that case, the County Judge certified on July 6, 1896, that he would be absent from the State of New York sojourning in the State of Maine, whence he would not return until August, 1896, and that he was, therefore, incapable of acting in the action. Despite the filing of said certificate, the Appellate Division held that the action was not transferred to the Supreme Court because the County Judge was not incapable of acting in the action or special proceeding. The court said (p. 349): "He was no more incapable of acting in the proceeding than any judge would be incapable of acting in a trial, who voluntarily remained away from the only place in which he could lawfully hold a trial term, even though he stayed within his own county. It is not such a contingency as this which is contemplated by the section in question. If it were, a county judge might divest his court of jurisdiction in scores of cases, simply by making the prescribed certificate upon his departure for a summer vacation in a neighboring State, and could thus compel the Supreme Court to take them up and proceed with them until the rendition of final judgment in each. A construction is not to be favored under which such consequences are possible."

Similarly here, the construction urged by the defendants would result in transferring the entire County Court calendar

to the Supreme Court whenever the County Judge might happen to be ill for a few days, if he filed a certificate of such fact. It is true, as stated by counsel, that in *Matter of Munger* (*supra*, p. 349) the court did say: " The phrase, ' incapable to act in an action or special proceeding ' in section 342, contemplates a disqualification of the character mentioned in section 46, or actual physical disability ". The question of physical disability, however, was not before the court and the statement was merely dicta. There was no intimation that the County Judge was ill, but rather that he was away on his summer vacation.

In *Queens-Nassau Mortgage Co.* v. *Graham* (157 App. Div. 489) cited by defendants, the County Judge of Queens County was a stockholder in the plaintiff corporation and, therefore, disqualified himself from presiding in that action. In the certificate which he filed, he requested the County Judge of Nassau County to try the case. It was held that the action was automatically removed to the Supreme Court upon the filing of the County Judge's certificate of disqualification and that his request that the County Judge of an adjoining county hold court was ineffective insofar as that action was concerned because that action was no longer pending in the County Court after the filing of said certificate. It will be noted, however, that the County Judge was disqualified from adjudicating that particular action by reason of interest.

The motion is denied. Submit order.