[Crim. No. 16349.  Second Dist., Div. Five.  Feb. 25, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTHONY CORNELIUS HARRIS et al., Defendants and Appellants.

## COUNSEL

Florence Bernstein and Richard H. Levin, under appointments by the Court of Appeal, for Defendants and Appellants.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, J.**—Defendant Anthony Cornelius Harris (hereinafter Anthony) and defendant Pinky Deringo Harris (hereinafter Pinky) were jointly charged in count I of an information with having committed a battery upon a police officer, in violation of Penal Code sections 242 and 243. Defendant Pinky was singly charged in count II with the same crime, but against a different victim. At time of arraignment, a public defender was appointed to represent both defendants, and each of them entered a plea of not guilty. The matter was tried to the court after a full waiver by counsel and each defendant of right to trial by jury, and a stipulation was entered into submitting the cause upon the preliminary hearing transcript, plus additional evidence. Defendants participated individually in

this stipulation. Each defendant testified. Both defendants were adjudged guilty as charged. Motions for new trial were made and denied. Pinky was referred to the Youth Authority, and Anthony, to the Director of Department of Corrections, pursuant to Penal Code section 1203.3 for diagnosis and treatment. Subsequently, Anthony was returned to court and sentenced to the state prison.

The facts giving rise to the charges commenced with a physical altercation between the two defendants, who are brothers. Two police officers sought to break up the fight, and in the course of taking the defendants into custody, the batteries occurred.

Defendant Anthony urges insufficiency of the evidence; that he was denied effective aid of counsel; and that the court erred in refusing to hear his motion for new trial. These contentions are somewhat interlocked, and will therefore be considered together.

At the time Anthony was adjudged guilty, he orally made a motion for new trial, and made application for probation. He also requested that both matters be considered at the same time in Department 118, along with some other matter in which he was involved in that department. Department 118 is located in the central part of Los Angeles, while the department in which Anthony was being tried (South E) is located in the Long Beach District. This request of Anthony's was granted, and the matters were transferred to Department 118;[1] they were ultimately transferred to Department 109 for hearing. At the time of the probation and new trial motion hearing, Judge Frazer was presiding in Department 109, and he ultimately ruled on the matters. Upon the case being called on the Department 109 calendar, defense counsel recognized that there were motions for new trial before the court and that Judge Dunbar had been the trial judge; he apparently mistakenly believed that Judge Frazer could not rule upon them. Judge Frazer was not of such opinion, and inquired as to whether it was defendant's desire to have a transcript of the trial proceedings prepared so that it might be considered prior to any ruling on the motions for new trial. Defense counsel stated: "No. I will simply submit [them]. *It is my feeling, your Honor, that Judge Dunbar probably would not have granted the motion[s] for new trial under the evidence that was presented, and I will simply submit the motion[s] at this time.*" (Italics added.) The court inquired as to whether there was a contention of error in the trial, and the response was that there was not. ■ Recognizing that the expressed motions leave much to be desired for clarity, the grounds urged on the motions for new

[1]The trial judge died prior to the date set for the probation and new trial hearing, but since these matters had been transferred to a different department at defendant's request, the fact of that judge's death has no bearing on the case. (Code Civ. Proc., § 661; *Telefilm, Inc.* v. *Superior Court,* 33 Cal.2d 289 [201 P.2d 811].)

trial were delineated (1) trial error and (2) sufficiency of the evidence. While there is some question as to the effect of the denial of the motions, under the circumstances—since it technically was a ruling on the sufficiency of the evidence (*People* v. *Ketchel,* 59 Cal.2d 503 [30 Cal.Rptr. 538, 381 P.2d 394]\*)—the statements of counsel strongly suggested a withdrawal of the motions. Unfortunately, counsel relied upon his opinion as to what the *trial* judge would have concluded as to the sufficiency of the evidence, rather than upon the discretion of the judge who was called upon to make the analysis and ruling. This error is directly within the purview of *People* v. *Ibarra,* 60 Cal.2d 460 [34 Cal.Rptr. 863, 386 P.2d 487] and its progeny. There is no contention before us that representation of defendant during trial was not adequate, and the record bears out that conclusion. The error here is either bottomed upon the judge's failure to exercise his required discretion,[2] or upon defendants being allegedly inadequately represented. Reversal is required to such extent as will permit the proper consideration of the motions for new trial, requests for probation, and the matter of sentences.

At time of argument on appeal, Pinky adopted this contention of error as equally applicable to him, in that his motion for new trial was before the court at the same time as Anthony's motion, and the procedure which transpired encompassed both of the motions.

Pinky urges before us that the single public defender who represented both him and Anthony was faced with an irreconcilable conflict of interest. We need not stop to examine that contention, just as we have said nothing about Anthony's claim that the evidence is insufficient to support the judgment against him. These claims should first be examined by the trial court on the motion for new trial. Wih respect to Anthony's claim, that court has the power to grant relief, where we may not do so. (*People* v. *Robarge,* 41 Cal.2d 628, 633-634 [262 P.2d 14].) As far as the assertion of a conflict of interest is concerned—a contention in which Anthony may join at the motion for a new trial—the trial court will not be restricted to the narrow record that is before this court, but may consider affidavits and,

---

\*Disapproved on other grounds, *People* v. *Morse,* 60 Cal.2d 631 [36 Cal.Rptr. 201, 388 P.2d 33, 12 A.L.R.3d 810].)

[2]*In re Anderson,* 69 Cal.2d 613, 623 [73 Cal.Rptr. 21, 447 P.2d 117]: "In disposing of a defendant's motion for new trial, the trial judge has a duty to review the evidence to determine whether in his independent judgment the weight of the evidence supports the jury's verdict, and if he decides it does not, he has the power to reduce the penalty of life imprisonment." To the same effect, see *Calhoun* v. *Superior Court,* 51 Cal.2d 257, 261 [331 P.2d 648]. And in *People* v. *Borchers,* 50 Cal.2d 321, 328 [325 P.2d 97], it states: "In passing on a motion for new trial it is not only the power but also the duty of the trial court to consider the weight of the evidence. [Citing authority.] The power and duty of the trial court in considering the question of the reduction of the class or degree of the crime are the same. [Citing authority.]"

in its discretion, oral testimony. (Witkin, Cal. Criminal Procedure (1963) § 575.) It will therefore not be confined to seeing the "tip of the iceberg" (*People* v. *Baker,* 268 Cal.App.2d 254, 256, fn. 2 [73 Cal.Rptr. 758]) as we are.

The judgments and the orders denying motions for new trial as to each defendant are vacated. The causes are remanded, with directions that the court consider and rule upon the motions for new trial, and thereafter take appropriate procedures.

Kaus, P. J., and Aiso, J., concurred.